# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIA KENDRICK, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| CREDIT CONTROL, LLC; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, STEPHANIA KENDRICK, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney(s), alleges against the above-named Defendants, CREDIT CONTROL, LLC ("CREDIT CONTROL"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Brooklyn, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. CREDIT CONTROL maintains a location at 5757 Phantom Drive, Suite 330, Hazelwood, Missouri 63042.

8. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New York consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New York City consumers who were sent letters and/or notices from CREDIT CONTROL, which were not the initial written communications concerning a debt owned by CAPITAL ONE N.A. (KOHL'S), which included the alleged conduct and practices described herein.

  The class definition may be subsequently modified or refined.

  The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether the Defendants violated various provisions of the FDCPA including but not limited to:

           15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

    b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without

the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to January 24, 2018, Plaintiff allegedly incurred a financial obligation to CAPITAL ONE N.A. (KOHL'S) ("KOHL'S").

16. The KOHL'S obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff incurred the KOHL'S obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18. Plaintiff did not incur the KOHL'S obligation for business purposes.

19. The KOHL'S obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. KOHL'S is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. On or before January 24, 2018, KOHL'S referred the KOHL'S obligation to CREDIT CONTROL for the purpose of collections.

22. At the time KOHL'S referred the KOHL'S obligation to CREDIT CONTROL, the obligation was past due.

23. At the time KOHL'S referred the KOHL'S obligation to CREDIT CONTROL, the obligation was in default.

24. Defendant caused to be delivered to Plaintiff a letter dated January 24, 2018, which was addressed to Plaintiff. **<u>Exhibit A</u>,** which is fully incorporated herein by reference.

25. The January 24, 2018 letter was sent to Plaintiff in connection with the collection of the KOHL'S obligation.

26. The January 24, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. The January 24, 2018 letter was not the initial written communication sent from Defendant to the Plaintiff.

28. Upon receipt, Plaintiff read the January 24, 2018 letter.

29. The January 24, 2018 letter provided the following information regarding the balance claimed due on the KOHL'S obligation:

Balance Due:        $338.37

30. The January 24, 2018 letter stated in part:

**NOTICE:**
**SEE REVERESE SIDE FOR**
**IMPORTANT INFORMATION**

31. On the reverse of the January 24, 2018 letter, it stated in part:

> Because of interest, late charges and other charges that may be assessed by your creditor that may vary from day to day, the amount due on the day you pay, may be greater. Thus, if you pay the total amount shown within this notice, an adjustment may be necessary after we receive your check, in which event we will inform you.

32. Defendant caused to be delivered to Plaintiff a letter dated March 11, 2018, which was addressed to Plaintiff. **Exhibit B,** which is fully incorporated herein by reference.

33. The March 11, 2018 letter was sent to Plaintiff in connection with the collection of the KOHL'S obligation.

34. The March 11, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

35. Upon receipt, Plaintiff read the March 11, 2018 letter.

36. The March 11, 2018 letter provided the following information regarding the balance claimed due on the KOHL'S obligation:

Balance Due:         $338.37

37. The March 11, 2018 letter stated in part:

NOTICE:
SEE REVERESE SIDE FOR
IMPORTANT INFORMATION

38. On the reverse of the March 11, 2018, it stated in part:

> Because of interest, late charges and other charges that may be assessed by your creditor that may vary from day to day, the amount due on the day you pay, may be greater. Thus, if you pay the total amount shown within this notice, an adjustment may be necessary after we receive your check, in which event we will inform you.
>
> Because of interest, late charges and other charges that may be assessed by your creditor that may vary from day to day, the

amount due on the day you pay, may be greater. Thus, if you pay the total amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.

39. CREDIT CONTROL did not provide any information regarding the rate of interest, the nature of the other charges, how any such charges would be calculated or what portion of the balance due, if any, reflects already accrued interest, late charges or other charges.

40. The total balance alleged to be due on the KOHL'S obligation did not increase "because of interest, late charges and other charges that may vary from day to day."

41. KOHL'S never authorized CREDIT CONTROL to charge or add interest to the balance of the KOHL'S obligation.

42. KOHL'S never authorized CREDIT CONTROL to add interest, late charges and other charges to the balance of the KOHL'S obligation.

43. As some time prior to January 24, 2018, KOHL'S ceased charging or adding interest to the balance of the KOHL'S obligation.

44. As some time prior to January 24, 2018, KOHL'S ceased adding interest, late charges and other charges to the balance of the KOHL'S obligation.

**POLICIES AND PRACTICES COMPLAINED OF**

45. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A and Exhibit B**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

    (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

      (d)      Making a false representation of the character, amount legal status of the debt.

46. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A and Exhibit B**, to at least 50 natural persons in New York within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

47. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

48. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

49. Defendant's letters would lead the least sophisticated consumer to believe that the amount due could increase due to additional interest, late charges and other charges.

50. The form, layout and/or content of Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

51. The form, layout and/or content of Defendant's letters would cause the least sophisticated consumer to be confused as to whether the balance of the KOHL'S obligation would increase.

52. The form, layout and/or content of Defendant's letters would cause the least sophisticated consumer to be confused as to whether the balance of the KOHL'S obligation would increase due to interest, late charges and other charges.

53. The form, layout and/or content of Defendant's letters would cause the least sophisticated consumer to believe that the balance of the KOHL'S obligation could increase.

54. The form, layout and/or content of Defendant's letters would cause the least sophisticated consumer to believe that the balance of the KOHL'S obligation could increase due to interest, late charges and other charges.

55. Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the KOHL'S obligation could increase due to interest, late charges and other charges.

56. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

57. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

58. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to interest, late charges and other charges.

59. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

60. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

61. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount and legal status of the debt.

62. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase due to interest, late charges and other charges.

63. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding interest, late charges and other charges.

64. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants never intended to charge or add interest, late charges and other charges.

65. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

66. Defendants violated 15 U.S.C. § 1692e(5) by stating that the amount due could increase due to additional interest, late charges and other charges when in fact the amount due would not and did not increase.

67. Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional interest, late charges and other charges when in fact the amount due would not and did not increase.

68. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

69. Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could increase due to additional interest, late charges and other charges when in fact the amount due would not and did not increase.

70. Defendants' representation that the amount due could increase due to additional interest, late charges and other charges when in fact the amount due would not and did not increase violated various provisions of the FDCPA including but not limited to: 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

71. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

72. Defendants utilized unfair or unconscionable means to collect or attempt to collect the debt by representing that the amount due could increase due to additional interest, late charges and other charges when in fact the amount due would not and did not increase.

73. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

74. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

75. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

76. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

77. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

78. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

79. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

    (b) Awarding Plaintiff and the Class statutory damages;

    (c) Awarding Plaintiff and the Class actual damages;

    (d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: June 28, 2018

>*s/ Joseph K. Jones*
>Joseph K. Jones, Esq.
>JONES, WOLF & KAPASI, LLC
>One Grand Central Place
>60 East 42nd Street, 46th Floor
>New York, New York 10165
>(646) 459-7971 telephone
>(646) 459-7973 facsimile
>jkj@legaljones.com
>
>*/s/ Ben A. Kaplan*
>CHULSKY KAPLAN, LLC
>280 Prospect Avenue, 6G
>Hackensack, New Jersey 07601
>Phone (877) 827-3395
>Fax: (877) 827-3394
>ben@chulskykaplanlaw.com
>
>*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

>*s/ Joseph K. Jones*
>Joseph K. Jones, Esq.

# Exhibit A

575 Quantom Dr, Ste 330
Hazelwood, MO 63042
Ph: 866-380-5171

# Credit Control, LLC

Hours of Operation:
M-TH 9:00am-6:00pm EST
FR 8:00am -5:00pm EST

## ACCOUNT INFORMATION

Creditor: Capital One N.A.
Original Creditor: Chase Bank Usa N.A.
Re: Your Kohl's Credit Card Account: XXXXXXXXXXXX3389
Our Account #: ▮▮▮▮▮▮▮▮

Balance Due: $338.37
Charge Off Date: 12/31/2013
Last Pay Date: 05/10/2013

### $$$ Save big money by putting your tax refund to work! $$$

Sometimes difficult situations arise that can cause financial hardship. We want to help you resolve your account and we are authorized to offer you the below affordable options.

1. Pay 50% of the current balance in 1 payment of $169.19 on or before 02/28/2018.
2. Pay 50% of the current balance in 3 consecutive monthly payments of $56.40 with your first payment to begin on or before 02/28/2018.
3. Pay 100% of the current balance in 12 consecutive monthly payments of $28.20 with your first payment to begin on or before 02/28/2018.

Take advantage of one of these options to move you closer to debt reduction and less financial worry! Upon completion of one of the options above and clearance through the banking system, your account will be considered resolved. We are not obligated to renew this offer.

This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.


Pay Online:
www.credit-control.com


Call Toll-Free 866-380-5171 to discuss payment arrangements. Let us prove how committed we are to working with you!


Pay by Mail:
PO Box 488
Hazelwood, MO 63042

**NOTICE:**
SEE REVERSE SIDE FOR IMPORTANT INFORMATION

---

IONCRCT02SKHL3OPTM_629955273

PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT IN THE ENCLOSED ENVELOPE

For your convenience, we accept:
VISA, MasterCard & AmEx    ▶

ONCRCT02
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

PLEASE SEND ALL CORRESPONDENCE TO:

January 24, 2018

CREDIT CONTROL LLC
PO BOX 488
HAZELWOOD MO 63042

Stephania R Kendrick
▮▮▮▮▮▮▮▮

Our Account #: ▮▮▮▮▮▮▮▮
Balance Due: $338.37

☐ Check here if there is new contact information and complete section 2 on reverse side.

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

Because of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater. Thus, if you pay the total amount shown within this notice, an adjustment may be necessary after we receive your check, in which event we will inform you.

You may also contact William Greer directly at 888-365-7144 to discuss this matter further.

Credit Control, LLC is licensed by the city of New York, Department of Consumer Affairs for:
5757 Phantom Dr, Ste 330, Hazelwood, MO 63042 #1233281, 9929 Race Track Rd., Tampa, FL 33626 # 1472700, 4710 Esienhower Blvd, Ste A-2, Tampa, FL 33634 #1470332, 5555 Redwood Dr, Ste 120, Las Vegas NV 89118 #2023195.

## PAYMENT OPTIONS

- Payments may be made online at www.credit-control.com,
- Make checks payable to: Credit Control LLC, or
- Pay with VISA, MasterCard or American Express by completing and returning sections 1 and 2 in the form below or by calling our office.

For credit card payments, complete the information below and return in the enclosed envelope.

You are hereby authorized to charge my credit card account.

| CHECK ONE | ☐ VISA | ☐ MasterCard | ☐ AmerExp | EXP. DATE | PAYMENT AMOUNT $ |
|---|---|---|---|---|---|
| | | | | | *CVV Number |

CARD NUMBER

CARDHOLDER'S NAME                                    CARDHOLDER SIGNATURE

CARDHOLDER ADDRESS                     CITY                              STATE   ZIP

PRIMARY PHONE NUMBER                   SECONDARY PHONE NUMBER

# Exhibit B

**Credit Control, LLC**

5757 Phantom Dr, Ste 330
Hazelwood, MO 63042
Ph: 866-380-5171

Hours of Operation:
M-TH 9:00am-6:00pm EST
FR 8:00am -5:00pm EST

## ACCOUNT INFORMATION

Creditor:          Capital One N.A.

Original Creditor: Chase Bank Usa N.A.
Re: Your Kohl's Credit Card Account:    XXXXXXXXXXXX3389

Our Account #:

Balance Due:        $338.37
Charge Off Date:    12/31/2013
Last Pay Date:      05/10/2013

### $$$ Save big money by putting your tax refund to work! $$$



Pay Online:
www.credit-control.com



Call Toll-Free 866-380-5171 to discuss payment arrangements. Let us prove how committed we are to working with you!

Pay by Mail:
PO Box 488
Hazelwood, MO 63042

Sometimes difficult situations arise that can cause financial hardship. We want to help you resolve your account and we are authorized to offer you the below affordable options.

1. Pay 50% of the current balance in 1 payment of $169.19 on or before 04/07/2017.

2. Pay 50% of the current balance in 3 consecutive monthly payments of $56.40 with your first payment to begin on or before 04/07/2017.

3. Pay 50% of the current balance in 6 consecutive monthly payments of $28.20 with your first payment to begin on or before 04/07/2017.

Take advantage of one of these options to move you closer to debt reduction and less financial worry! Upon completion of one of the options above and clearance through the banking system, your account will be considered resolved. We are not obligated to renew this offer.

This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.

**NOTICE:
SEE REVERSE SIDE FOR
IMPORTANT INFORMATION**

IONCRCT02SKHL3OPTM_374872576

PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT IN THE ENCLOSED ENVELOPE

ONCRCT02
PO Box 1022
Wixom MI  48393-1022
ADDRESS SERVICE REQUESTED

For your convenience, we accept:
**VISA, MasterCard & AmEx** 

PLEASE SEND ALL CORRESPONDENCE TO:

March 11, 2017

CREDIT CONTROL LLC
PO BOX 488
HAZELWOOD MO 63042

Stephania R Kendrick

Our Account #:
Balance Due:    $338.37

☐ Check here if there is new contact information and complete section 2 on reverse side.

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

Because of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater. Thus, if you pay the total amount shown within this notice, an adjustment may be necessary after we receive your check, in which event we will inform you.

You may also contact William Greer directly at 888-365-7144 to discuss this matter further.

Credit Control, LLC is licensed by the city of New York, Department of Consumer Affairs for:
5757 Phantom Dr Ste 330 Hazelwood, MO #1233281,
4902 Eisenhower Blvd Ste 155 Tampa, FL #1472700,
4710 Eisenhower Blvd Suite A-2 Tampa, FL #1470332,
5555 Redwood Dr. Ste 120 Las Vegas, NV #2023195.

Because of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater. Thus, if you pay the total amount due shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.

## PAYMENT OPTIONS

- Payments may be made online at www.credit-control.com,
- Make checks payable to: Credit Control LLC, or
- Pay with VISA, MasterCard or American Express by completing and returning sections 1 and 2 in the form below or by calling our office.

**For credit card payments, complete the information below and return in the enclosed envelope.**

You are hereby authorized to charge my credit card account.

| CHECK ONE | ☐ VISA | ☐ MasterCard | ☐ AmerExp | EXP. DATE / | PAYMENT AMOUNT $ |
|---|---|---|---|---|---|
| CARD NUMBER | | | | | *CVV Number |
| CARDHOLDER'S NAME | | | CARDHOLDER SIGNATURE | | |
| CARDHOLDER ADDRESS | | | CITY | STATE | ZIP |
| PRIMARY PHONE NUMBER | | | SECONDARY PHONE NUMBER | | |
| ADDRESS | | | CITY | STATE | ZIP CODE |

* For Visa/MasterCard, the three-digit CVV number is printed on the signature panel on the back of the card immediately after the card's account number. For American Express, the four-digit CVV number is printed on the front of the card above the card account number.